# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Charles Eline, | No. CV 10-338-PHX-MHM (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Neil V. Wake, | |
| Defendant. | |

On February 17, 2010, Plaintiff Richard Charles Eline, who is confined in the Corrections Corporation of America's Saguaro Correctional Center in Eloy, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1).[1]  Plaintiff has not paid the $350.00 civil action filing fee or filed an Application to Proceed *In Forma Pauperis*.

A prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

---

[1] This matter was originally assigned to United States District Court Judge Neil V. Wake, who recused himself (Doc. #3).  The case was randomly reassigned to the undersigned.

**A.  Strikes**

"[Section] 1915(g) should be used to deny a prisoner's *IFP* status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." Id. at 1120.

At least three of Plaintiff's prior lawsuits qualify as "strikes" under § 1915(g):

(1) Eline v. Kaneshiro, 97-CV-937–ACK-FIY (D. Haw. Oct. 9, 1997 judgment) (frivolous and failure to state a claim);

(2) Eline v. China Normalization Initiative, 97-CV-893–DAE-FIY (D. Haw. Aug. 8, 1997 judgment) (failure to state a claim); and

(3) Eline v. Patterson Broadcasting, 97-CV-851-DAE-FIY (D. Haw. Aug. 8, 1997 judgment) (failure to state a claim).

See also Eline v. Tanaka, 08-CV-244-SOM-BMK (D. Haw. May 30, 2008 Order) (listing Plaintiff's three strikes, dismissing case pursuant to § 1915(g), and noting that "Plaintiff has filed seventy-three other civil actions since 1993 in the federal district and appellate courts, all of which were dismissed for various reasons, including failure to state a claim, failure to prosecute, frivolousness, and failure to pay"); Eline v. Sedillo, 01-CV-262-PHX-RCB (MS) (Jan. 7, 2002 Order) (listing Plaintiff's three strikes and dismissing case pursuant to § 1915(g)).

**B.  Failure to Allege Imminent Danger of Serious Physical Injury.**

If a plaintiff has three or more strikes, he may not bring a civil action without complete prepayment of the $350.00 filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Plaintiff brought this lawsuit without prepaying the filing fee. Plaintiff does not allege that he is in imminent danger of serious physical injury and his accusations would not support such an allegation.

Thus, the Court will dismiss without prejudice Plaintiff's Complaint and this action, pursuant to 28 U.S.C. § 1915(g). If Plaintiff wishes to reassert these claims in the future, he must *prepay* the **entire** $350.00 filing fee when he files his action.

**IT IS ORDERED:**

(1) Plaintiff's Complaint (Doc. #1) and this action are **dismissed without prejudice**, pursuant to 28 U.S.C. § 1915(g). If Plaintiff wishes to reassert these claims in the future, he must prepay the entire $350.00 filing fee when he files his action.

(2) The Clerk of Court must enter judgment accordingly and close this case.

DATED this 15th day of March, 2010.

*[signature]*
Mary H. Murgula
United States District Judge